UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC SPITZER, | ) | Case No. EDCV 13-00833-VAP (DTBx) |
| | ) | |
| Plaintiff, | ) | STANDING ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| RODNEY C. SACKS, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

**READ THIS ORDER CAREFULLY.   IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Virginia A. Phillips.

The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well.  To secure the just, speedy, and inexpensive determination of every action, (Fed. R. Civ. P. 1), all counsel are hereby ordered to become familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.[*]

The Court further orders as follows:

**1.    Service of the Complaint.**  The Plaintiff shall serve the Complaint promptly in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

**2.    Proposed Orders.**  Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought and a brief statement of the rationale for the decision, including citation of authorities, that the party requests the Court to adopt.

**3.    Presence of Lead Counsel.**  **All** lead trial counsel must attend, in person, any scheduling and pretrial conferences set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

**4.    Motions.**  Motions shall be filed and set for hearing in accordance with Local Rule 6-1.  Motions will be heard on Mondays commencing at 2:00 p.m.  If Monday is a national holiday, this Court does not hear motions on the succeeding Tuesday.  Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties.  Any opposition or reply papers due on a holiday are due the preceding Friday, not the following Tuesday.  Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.  Only in rare instances, and for good

1  cause shown, will the Court agree to extend these page limitations.

2  When citing to legal databases, wherever possible cite to Westlaw

3  rather than Lexis.

4       Unless clearly justified under the circumstances of the case,

5  "motions to dismiss or in the alternative for summary adjudication"

6  are discouraged.  These composite motions tend to blur the

7  legitimate distinction[s] between the two motions, which have

8  different purposes.  Frequently, the composite motions introduce

9  evidence that is extrinsic to the pleadings.  On the one hand, such

10  evidence is improper for consideration in a Fed. R. Civ. P.

11  12(b)(6) motion, while on the other hand, treatment of the motion

12  as a Rule 56 motion frequently results in reasonable invocation of

13  Rule 56(f) by the non-moving party.

14       Moreover, Rule 12(b)(6) motions are discouraged unless counsel

15  has a good faith belief that such motion will likely result in

16  dismissal, without leave to amend, of all or at least some of the

17  claims under applicable law.

18       **Motions for Summary Judgment or Partial Summary Judgment:**   No

19  party may file more than one motion pursuant to Fed. R. Civ. P. 56

20  regardless of whether such motion is denominated as a motion for

21  summary judgment or summary adjudication.  Parties offering

22  evidence in support of, or in opposition to, a Rule 56 motion must

23  cite to specific page and line numbers in depositions and paragraph

24  numbers in affidavits.  Furthermore, such evidence must be

25  authenticated properly.  The Court directs the parties to become

26  familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th

27  Cir. 2002).

28

1   The moving party's brief shall also be accompanied by an

2   statement of undisputed facts ("SUF").  The SUF shall be presented

3   in a table format and include the following columns:

4          a.   The first column shall contain the number of the

5               fact alleged to be undisputed.

6          b.   The second column shall contain a plain statement of

7               the fact.  **Facts shall not be compound.**  If, for

8               instance, the required response is that the fact is

9               disputed in part, the fact is compound.  Further,

10              neither legal arguments nor conclusions constitute

11              facts.

12         c.   The third column shall contain a citation to

13              admissible evidence the party believes supports the

14              proffered fact.

15  For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

The party opposing the summary judgment motion shall include
with its opposition a statement of genuine issues that includes the
moving party's table; but the opposing party shall add a fourth
column to the moving table identifying those facts that are in

dispute, briefly explaining the dispute, and citing the evidence supporting the dispute.  The opposing party shall not set forth legal objections in the statement of genuine issues.  For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed.  The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Dec. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion.  <u>See</u> Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

If the party opposing the summary judgment motion wishes to include its own set of undisputed facts, it may include them in a second table at the end of its statement of genuine issues.  The opposing party's undisputed facts shall be set forth in the same manner as the moving party's SUF.  For example:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

If either party fails to provide a pincite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported.  See generally Christian Legal Soc. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (alteration omitted)))).

Additionally, parties shall file any legal objections to the other party's proffered evidence under separate cover.

**5.   Withdrawal or Non-Opposition of Motions:  In the event that the parties are able to resolve a pending motion, _they must notify the Court_ approximately one week before the hearing date.** Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

**6.   Electronic filing.**  As of January 1, 2008, the United States District Court for the Central District of California

implemented mandatory electronic filing ("e-filing") of documents in all new and pending civil cases.  Information about the Court's Electronic Case Filing system, is available on the Court's website at www.cacd.uscourts.gov/cmecf.

The "e-filing" of all documents required to be "e-filed" in this matter pursuant to General Order No. 10-07 and Local Rule 5-4 shall be completed by **4:00 p.m. on the date due**.  Any documents "e-filed" after 4:00 p.m. on the date due will be considered **untimely.**  Any documents that fail to comply with Local Rule 5-4, and particularly Local Rule 5-4.3.1 may be rejected.

**7.   Mandatory chambers copies.  Counsel shall provide one conformed chambers copy of any "e-filed" document.**  Such chambers copies shall be delivered to the "Courtesy Box," located outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 Twelfth Street, Riverside, California 92501, no later than 5:00 p.m. on the day following "e-filing."  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" and "tabbing" requirements of Local Rules 11-3.5 and 11-5.3, respectively.  If the filing party and their counsel fail to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3, the Court may, on its own motion, reschedule any related hearing, as well as imposing sanctions.

**8.   Discovery.**  All discovery matters have been referred to a United States Magistrate Judge (see initial designation following the case number) to hear all discovery disputes.  The words

1   "DISCOVERY MATTER" shall appear in the caption of all documents

2   relating to discovery to insure proper routing.  Counsel are

3   directed to contact the Magistrate Judge Courtroom Deputy Clerk for

4   the assigned Magistrate Judge to schedule matters for hearing.

5       The decision of the Magistrate Judge shall be final, subject

6   to modification by the District Court only where it has been shown

7   that the Magistrate Judge's order is clearly erroneous or contrary

8   to law.

9       Any party may file and serve a motion for review and

10  reconsideration before this court.  The party seeking review must

11  do so within ten (10) days of service upon the party of a written

12  ruling or within ten (10) days of an oral ruling that the

13  Magistrate Judge states will not be followed by a written ruling.

14  The motion must specify which portions of the text are clearly

15  erroneous or contrary to law and the claim must be supported by

16  points and authorities.  A copy of the moving papers and responses

17  shall be delivered to the Magistrate Judge's clerk for review upon

18  the filing of the required documents.

19

20      **9.   *Ex Parte* Applications.**  *Ex parte* applications are

21  considered on the papers and are not usually set for hearing.

22  Counsel are advised that this Court allows *ex parte* applications

23  solely for extraordinary relief -- sanctions may be imposed for

24  misuse of *ex parte* applications.  See In re Intermagnetics Am.,

25  Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989).  Counsel also should

26  become familiar with Mission Power Engineering Co. v. Continental

27  Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte*

28  applications.

1    Counsel's attention is directed to Local Rule 7-19.  The
2  moving party shall serve the opposing party by facsimile
3  transmission and shall notify the opposition that opposing papers
4  must be filed not later than twenty-four hours following such
5  facsimile service.  The moving party's declaration in support of an
6  *ex parte* application shall show compliance with Local Rule 7-19 and
7  this Order, failing which the application shall be DENIED. If
8  counsel does not intend to oppose an *ex parte* application, they
9  must so inform the Courtroom Deputy Clerk, (951) 328-4461.  As with
10  all motion papers, counsel must deliver a conformed courtesy copy
11  of the papers to the "Courtesy Box", located outside of Courtroom 2
12  on the 2nd floor at United States District Court, 3470 Twelfth
13  Street, Riverside, California 92501.  Counsel will be notified by
14  the Courtroom Deputy Clerk of the Court's ruling or of a hearing
15  time and date should the Court determine that a hearing is
16  necessary.
17
18    **10.  Class Actions.**  Notwithstanding Local Rule 23-3, the
19  deadline for the filing of a motion for class certification will be
20  set during the Scheduling Conference and/or in a Scheduling Order.
21  No request for relief from Local Rule 23-3 is necessary.
22
23    **11.  Stipulations.**  Stipulations extending scheduling dates
24  set by this Court are not effective unless approved by the Court.
25  Counsel requesting a continuance must submit a stipulation, with a
26  detailed declaration of the basis for the requested continuance or
27  extension of time, and a proposed order.  Continuances will be
28  granted only upon a showing of good cause, focusing on the

1  diligence of the party seeking the continuance and any prejudice

2  that may result if the continuance is denied.  Any continuances

3  that are requested without an accompanying declaration will be

4  rejected without notice to the parties.  The Court sets **firm** trial

5  dates and will not change them without a showing of good cause.

6

7      **12.  Applications to File Under Seal.**  Parties are reminded

8  that court proceedings are presumptively public, and no document

9  shall be filed under seal without request for a court order that is

10 narrowly tailored to cover only the document, the particular

11 portion of the document, or category of documents for which good

12 cause exists for filing under seal.  To that end, if a party wishes

13 to file a document under seal, that party shall first file a

14 written request for a sealing order setting forth the good cause

15 and accompanied by a proposed order that is narrowly tailored as

16 specified above.

17     If the sole ground for the sealing order is that the opposing

18 party (or non-party) has designated the document as confidential,

19 the opposing party (or non-party) shall file a declaration

20 establishing good cause for the sealing along with a proposed

21 order, or shall withdraw the designation.  The declaration shall be

22 filed within five days of service on the opposing party (or non-

23 party) of the request for a sealing order.  If the declaration is

24 not filed as required, the Court may order that the document be

25 filed in the public record.

26     **Use of Sealed Documents in Motion Papers:** The Court cautions

27 parties that documents designated as confidential that are attached

28 as exhibits to case-dispositive motions, or redacted portions of

1    case-dispositive briefs that contain confidential information, must

2    meet the high "compelling reasons" threshold.  See Kamakana v. City

3    of Honolulu, 447 F.3d 1172 (9th Cir. 2006).  A good cause showing,

4    without more, will not satisfy a compelling reasons test, but will

5    only suffice to maintain the confidentiality of documents attached

6    to *non-dispositive* motions.  Documents designated as confidential

7    in conjunction with case-dispositive motions or briefs that do not

8    satisfy the compelling reasons test may accordingly be re-

9    designated as public information upon proper request.  See Foltz v.

10   State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

11       **Use of Sealed or Confidential Documents at Trial:**

12   Notwithstanding any provision of a protective order to the

13   contrary, any document, whether previously designated confidential

14   or previously sealed, will be unsealed and will lose its

15   confidential status if offered as an exhibit at trial, absent a

16   showing of the "most compelling" reasons.  See Manual for Complex

17   Litigation § 21.432; Foltz, 331 F.3d at 1135-36.  Any party

18   believing that a document, portions thereof, or witness testimony

19   should remain confidential or sealed during trial must request in

20   advance of trial that the court take extraordinary measures, such

21   as closing the courtroom to the public or sealing the trial

22   transcript, to protect the confidentiality of that information.

23   The request must be made in writing and filed no later than the

24   date on which pretrial papers are due.

25       If previously sealed documents are ordered unsealed for use at

26   trial, counsel for the party offering the document as evidence

27   shall, within two business days of the conclusion of the trial,

28   identify which entries on the docket represent the exhibits

actually received.  Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

**13.  Removed Actions.**  Any answers filed in state court must be re-filed in this Court (separately) as a supplement to the petition.  Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**14.  Communications with Chambers.**  Counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means.  Counsel must list their facsimile transmission numbers along with their telephone numbers on their papers.

**15.  Notice of this Order.**  Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by noticed removal, the removing defendant shall serve this Order on all other parties.

**16.  Internet Site.**  Counsel are directed to review the Central District's website for additional information.  The address is "http://www.cacd.uscourts.gov".

Dated:   <u>May 7, 2013</u>

VIRGINIA A. PHILLIPS
United States District Judge

1  \* Copies of the Local Rules are available on our website at
2  "http://www.cacd.uscourts.gov" or they may be purchased from one of
   the following:

3      Los Angeles Daily Journal
       915 East 1st Street
4      Los Angeles, California  90012

5      West Publishing Company
       610 Opperman Drive
6      Post Office Box 64526
       St. Paul, Minnesota  55164-0526

7
       Metropolitan News
8      210 South Spring Street
       Los Angeles, California  90012

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28